Lansing, Ch. J.
delivered the opinion of the court. The *145 general rule is settled and admitted, that in an open policy, the invoice price is the value which, upon a total loss, the insured is entitled to recover.(a) The defendant contends, that on account of the drawback, this case ought to form an exception to the rule.
*The drawback is intended as a benefit to the mer- [*122] chant, on the exportation of certain goods, and not for the advantage of the assurer; and although it may enter into the estimate of the value of goods, with a view to exportation, it is no part of their actual price in the market here.
The invoice price has been adopted, as affording not only an equitable but a certain rule, not influenced by the fluctuations of value, which subsequent circumstances mayproduce. If the drawback were also certain, and in every event payable to the shipper, the exception in this case would seem to be reasonable; but that is not the fact. To entitle the goods *146 to drawback, they cannot be relanded within the United States, and the shipper is obliged to. give security that they shall not be relanded. The drawback is, therefore, contingent, and in the case of relanding by barratry, the ' assured would not only lose the amount of the drawback, but be exposed to inconvenience and additional loss on account of the security. Against the risk of barratry he would surely be unprotected; and yet, that is a risk within the express terms of the policy, and for which the assurer has received his premium.
To permit the drawback to reduce the value to be recovered would, therefore, confer a benefit on the insurer, and impose on the insured a burthen and a risk without an indemnity, a burthen by giving the security, and a risk in the ease of barratry, as has' been mentioned.
The plaintiffs may be gainers by the event, and temptations to fraud may in some cases exist; but we cannot depart from the sense of the contract, and the rule which has been long established.
Judgment for the plaintiff.

 The actual or market value at the port of departure, may frequently be different from the invoice price or prime cost, and when that happens or can be ascertained, it is to be preferred. Snell et al. v. Delaware Ins. Co. 4 Dallas, 430; S. C. 1 Wash. C. C. R. 509. Carson v. Marine Ins. Co. 2 id. 468. 3 Kent’s Comm. 336. It seems that in estimating a total loss on an open policy of insurance, the value of the goods at the outset or commencement of the risk with the usual charges, is what the insurer ought to pay; and that the prime cost is generally the safest and best rule of ascertaining such value ; especially where the goods are purchased for exportation. Le Roy v. United Ins. Co. 7 Johns. R. 343. In this case, the goods consisting of hides were invoiced at twelve cents per pound, being the value thereof exclusive of charges ; the price paid by the plaintiffs, was ten cents per pound, and the court thought that in computing the loss, the hides must be estimated at the cost price. S. P. Minturn v. Columbian Ins. Co. 10 Johns. R. 75. Marshall on Ins. 621. Lewis v. Rucker, 2 Burr. 1167, 1170. See the rule laid down by Lord Ellenborough, in Usher v. Noble, 12 East, 639, 646. Stevens v. Columbian Ins. Co. 3 Caines’ R. 43,47, per Thompson, J. But in Coffin v. The Newburyport M. Ins. Co. 9 Mass: R. 436, where the risk on cotton was to commence at the Isle of France, and it was invoiced at the value there, which was more than the cost to the assured ; the court held, that the interest was to be estimated according to the invoice. In South Carolina, it is stated to be an invariable rule, that the loss must'be calculated according to the prime cost, adding all duties and expenses, and the p/eminm of insurance. Bailey v. South Carolina Ins. Co, 1 Tr. Con. R, 381. Emerigon (tom. 1, p. 261,1 says the actual cost is the rule, though the goods have fallen since the purchase. ' „